Jarrod L. Rickard, Esq., Bar No. 10203
Email: jlr@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@semenzarickard.com
SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone:  (702) 835-6803
Facsimile:   (702) 920-8669

*Attorneys for Defendants Joseph Tatonetti,*
*Matthew Forbes, Tonya Henderson, Doni Taube,*
*and Elie Samarani*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT J. CIPRIANI; JAMES RUSSELL, and ANDREW CHENG TAO DO, <br><br> Plaintiffs, <br><br> v. <br><br> GENTING BERHAD, RESORTS WORLD LAS VEGAS, LLC, TAN SRI LIM KOK THAY aka KT LIM; SCOTT SIBELLA; DAVID CHESNOFF; MATTHEW FORBES; DONI TAUBE; ZACHARY KOEP; JOSEPH TATONETTI; DANIEL MADURZAK; TONYA HENDERSON; ELIE SAMARANI; BRANDON SATTLER, <br><br> Defendants. | Case No.   2:25-cv-02396-JCM-DJA <br><br> **DEFENDANTS JOSEPH TATONETTI, MATTHEW FORBES, TONYA HENDERSON, DONI TAUBE AND ELIE SAMARANI'S JOINDER TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BY RESORTS WORLD LAS VEGAS, LLC AND KT LIM [ECF NO. 42]; AND JOINDER TO DEFENDANT SCOTT SIBELLA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) [ECF NO. 39]** |

Defendants Joseph Tatonetti ("Tatonetti"), Matthew Forbes ("Forbes"), Tonya Henderson ("Henderson"), Doni Taube ("Taube"), and Elie Samarani ("Samarani") (together herein, the "Employee Defendants"), hereby incorporate and join in those arguments, points, and authorities set forth in Defendants Resorts World Las Vegas, LLC, and KT Lim's (collectively, "Resorts World") motion to dismiss at ECF No. 42, and in Defendant Scott Sibella's ("Sibella") motion to dismiss at ECF No. 39.

///

1

In their First Amended Complaint, Plaintiffs allege the following seven claims for relief: (1) RICO (18 U.S.C. § 1962(c)); (2) RICO Conspiracy (18 U.S.C. § 1962(d)); (3) Retaliation and Witness Intimidation (42 U.S.C. § 1985(2); (4) Civil Rights and False Arrest (42 U.S.C. § 1983); (5) False Arrest (Nev. Rev. Stat. §171.235 and § 200.460); (6) Nevada Whistleblower Retaliation; and (7) Wrongful Termination in Violation of Public Policy.

Plaintiff Robert J. Cipriani ("Cipriani") seeks relief under Counts 1-5, Plaintiff James Russell ("Russell") seeks relief under Counts 1 and 2, and Plaintiff Cheng Tao Do ("Do") seeks relief under Counts 1-2 and 6-7.

Henderson and Samarani are only named in the two RICO claims (counts 1-2). Taube, Forbes, and Tatonetti are named in the two RICO claims as well as the claims for retaliation/witness intimidation, civil rights/false-arrest, and Nevada false arrest (counts 1-5). Forbes is also named in the whistleblower/retaliation claim (counts 1-6). None of the Employee Defendants are named in the wrongful termination claim (count 7).

The Employee Defendants join in the arguments raised by Resorts World and Sibella including the fact that the RICO claims are time-barred, Plaintiffs cannot establish standing or causation for the RICO claims, the RICO conspiracy claims fail without an underlying violation, the federal civil rights and state statutory claims are time-barred and inapplicable to the alleged facts, and Defendants are not state actors or jointly acting with state officials. The Employee Defendants provide the following additional argument in favor of dismissal.

**1.      Impermissible Cluster Pleading.**

Resorts World and Sibella detail the extensive issues with Plaintiffs' pleading and impermissible "shotgun" allegations. The FAC continually alleges conduct against "Defendants Sibella, Taube, Forbes, Koep, Tatonetti, Madurzak, Henderson, Samarani and others" as a block, without specifying what each person individually said, did, or knew. Courts routinely reject this type of rote cluster pleading in RICO cases. The applicable pleading standards require Plaintiffs to specify each Defendant's role in the "operation or management" of the enterprise with particularity.

///

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

2

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

As the Court is aware, "[u]nder the *Reves v. Ernst & Young* 'operation or management' test, to participate in the 'conduct' of an enterprise, one must participate in the operation or management of the enterprise itself." *Mendoza v. Amalgamated Transit Union Int'l*, No. 218CV959JCMNJK, 2019 WL 4221078, at *4 (D. Nev. Sept. 5, 2019), aff'd, No. 20-16079, 2022 WL 1045603 (9th Cir. Apr. 7, 2022), and aff'd, 30 F.4th 879 (9th Cir. 2022) (quoting *Reves*, 507 U.S. 170, 185 (1993)).  While RICO liability is not limited to those with primary responsibility for the enterprise's affairs, the alleged defendant must "play 'some part' in *directing* the enterprise's affairs for liability to attach." *Id.* (emphasis added.)

With respect to the conspiracy claim, RICO conspiracy requires a defendant to know the general nature and scope of the enterprise and to have agreed to further it. *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("To establish a violation of section 1962(d), Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses.").  Mere awareness of wrongdoing by others, without agreement to participate, defeats conspiracy liability. *Id.*

Here, the FAC fails entirely to set forth any case that the Employee Defendants *directed* any part of the alleged enterprise.  As the FAC alleges, Taube served from "June 2021 until September 2024 as the Senior Vice President, International Marketing and Business Development." (FAC, ¶ 53.)  Forbes "served as the Vice President, Security … from September 2021 until recently in 2025." *Id.*, ¶ 54.  Tatonetti was the "Manager of Surveillance Operations … from June 2021" and resigned "[i]n or about sometime after November 2021." *Id.*, ¶ 56.  Henderson served as the "compliance leader from September 2020 until recently in May 1 2025." *Id.*, ¶ 58.  Samarani "served as the Director of Cage, Credit, Collections & Loyalty Club" but is now gone from that position. *Id.*, ¶ 59.

Instead of specifying how the Employee Defendants directed any alleged enterprise, Plaintiffs fill the FAC with boilerplate lists of Defendants (*e.g.*, "Defendants Sibella, Taube, Forbes, Koep, Tatonetti and others") attached to conclusory allegations (*e.g.*, permitting known criminals to gamble, ignoring complaints, being part of the enterprise) without describing what

///

3

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

each of the Employee Defendants individually said or did.  This is grossly insufficient as a matter of law.

Tellingly, even when Plaintiffs attempt specificity, the allegations undercut any claim that the Employee Defendants were responsible for directing anything.  For example, while Plaintiffs copy and paste numerous text chains that Cipriani allegedly shared with Tatonetti, these chains only prove Tatonetti's lack of involvement or decision-making:

> Cipriani: And Chesnoff. What would [Defendant] KT Lim say about this??? They are so brazen and arrogant.
>
> Tatonetti: Whole town is a scam man. ***Just keeping my head down trying to survive***.

(FAC, ¶ 104) (emphasis added).

Summarizing what they falsely claim was an "overriding strategy of neglect," Plaintiffs repeatedly characterize the Employee Defendants' role as: "…. the word was to 'keep your head down,' and hold onto your job." *Id.*, ¶ 14.

Of course, RICO liability requires more than just "keeping your head down" and performing your job duties.  Because Plaintiffs wholly fail to specify how the Employee Defendants did anything more than perform their job duties, the claims against them must fail.[1]

## 2.    Do Has No Retaliation Claim Against Forbes.

While Forbes is included in the caption for the sixth cause of action for "Nevada Whistleblower Retaliation," Plaintiffs fail to include any factual allegations supporting liability against Forbes.  Indeed, Forbes' name appears nowhere in support of this claim.  (*See* FAC, ¶¶ 291-300.)  Presumably, Plaintiffs intended to include Forbes as the alleged former "Vice President, Security."  However, Fobes' job title alone is insufficient to create any grounds for liability.

Additionally, as the co-Defendants demonstrate in their papers, Forbes does not fall

---

[1]    Plaintiffs' allegations as to Henderson and Samarani are particularly thin and insufficient.  With respect to these Defendants there is no paragraph anywhere in the complaint where Samarani or Henderson alone are alleged to have said or done something specific.  Every single mention of Samarani or Henderson is as part of a cluster defendant list.

within NRS Chapter 613's definition of an employer. As such, a claim for whistleblower retaliation may not lie against Forbes. Count six must be dismissed as to Forbes.

Based upon the points and authorities incorporated herein, and the foregoing, Plaintiffs' FAC against the Employee Defendants must also be dismissed with prejudice.

DATED this 30th day of July, 2026.

SEMENZA RICKARD LAW

*/s/ Jarrod L. Rickard*
Jarrod L. Rickard, Esq., Bar No. 10203
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Defendants Joseph Tatonetti, Matthew Forbes, Tonya Henderson, Doni Taube, and Elie Samarani*

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

**CERTIFICATE OF SERVICE**

I am employed by the law firm of Semenza Rickard Law in Clark County. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

On the 30th day of July 2026, I served the document(s), described as:

**DEFENDANTS JOSEPH TATONETTI, MATTHEW FORBES, TONYA HENDERSON, DONI TAUBE AND ELIE SAMARANI'S JOINDER TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BY RESORTS WORLD LAS VEGAS, LLC AND KT LIM [ECF NO. 42]; AND JOINDER TO DEFENDANT SCOTT SIBELLA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) [ECF NO. 39]**

☒   by serving the ☐ original ☒ a true copy of the above and foregoing via:

☒  a.  **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

Kathleen Bliss, kb@kathleenblisslaw.com
Michael Volkov, mvolkov@volkovlaw.com
*Attorney for Plaintiffs Andrew Cheng Tao Do*, Robert J Cipriani, and James Russell

Jason Hicks, jason.hicks@gtlaw.com
*Attorney for Defendants Resort World Las Vegas, LLC and Tan Sri Lim Kok Thay*

J Colby Williams, jcw@cwlawlv.com
*Attorney for Defendant Scott Sibella*

☐  b.  **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Rickard Law's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐  c.  **BY PERSONAL SERVICE.**

☐  d.  **BY DIRECT EMAIL.**

☐  e.  **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Angie Barreras*
An Employee of Semenza Rickard Law

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803