James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
Alexandra N. Mateo, Esq., Bar No. 16275
ANM@pisanellibice.com
Joseph Antonuccio, Esq., Bar No. 17155
JDA@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

*Attorneys for Defendant David Chesnoff*

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT J. CIPRIANI, JAMES RUSSELL, and ANDREW CHENG TAO DO<br><br>Plaintiffs,<br><br>v.<br><br>GENTING BERHAD; RESORTS WORLD LAS VEGAS, LLC; TAN SRI LIM KOK THAY aka KT LIM; SCOTT SIBELLA; DAVID CHESNOFF; MATTHEW FORBES; DONI TAUBE; ZACHARY KOEP; JOSEPH TATONETTI; DANIEL MADURZAK; TONYA HENDERSON; ELIE SAMARANI; BRANDON SATTLER, | CASE NO.: 2:25-cv-02396-JCM-DJA<br><br>**DEFENDANT DAVID CHESNOFF'S MOTION FOR SANCTIONS UNDER FRCP 11**<br><br>**[Oral Argument Requested]** |

## I. INTRODUCTION

This action is, by any reasonable measure, a vindictive weaponization of the civil litigation process by Plaintiff Robert Cipriani ("Cipriani"). His goal here is not justice, as that was reached already through the conclusion of the criminal proceedings against him. Cipriani was adjudged guilty, through his own plea and confession to the Court, and was sentenced according to the good judgement of the judge presiding over that criminal action. Now, in retaliation, Cipriani brings an ill-founded and incomprehensive screed against his perceived enemies, casting aspersions, insults, and false charges of crimes (both criminal and civil RICO, among others), all with the inescapable goal of thrashing the reputations of his targets, most notably Mr. Chesnoff. He does this with an air

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

of impunity, publicly boasting of his revenge campaign on social media, with the apparent belief that he is untouchable because of the broad (but limited) protections of the First Amendment litigation privilege. Not so. This is the precise circumstance that Rule 11 was intended to address, and Mr. Chesnoff respectfully asks this Court to impose the sanctions this Court deems appropriate against Cipriani and his counsel for this blatant abuse.

## II. STATEMENT OF RELEVANT FACTS

This is not the first time Cipriani has used the same allegations of this case to attack his enemies. On October 9, 2023, Plaintiff Cipriani filed a lawsuit against Defendant Resorts World Las Vegas, LLC ("Resorts World") and the company's former President, Defendant Scott Sibella, alleging near identical facts—that Resorts World and Sibella enlisted the late Robert Alexander ("Alexander") to harass Plaintiff Cipriani. (*See* Exhibit 1, Compl., *Cipriani v. Resorts World Las Vegas, LLC, et. al.*, No. 2:23-cv-01626-MMD-MDC (D. Nev.).) The first time, Cipriani asserted claims of negligence, innkeeper liability under Nev. Rev. Stat. § 651.015, negligent training, supervision and retention, intentional infliction of emotional distress, civil conspiracy, and concert of action related to Alexander's alleged harassment. (*Id.*)

The Honorable Miranda M. Du dismissed that action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) in favor of all Defendants. *Cipriani v. Resorts World Las Vegas, LLC,* 2024 WL 4564315 (D. Nev. Oct. 23, 2024). The Ninth Circuit affirmed the dismissal of Sibella and reversed portions of Judge Du's order related to Resorts World. *Cipriani v. Resorts World Las Vegas, LLC,* 2025 WL 3066303 (9th Cir. Nov. 3, 2025).

Plaintiffs filed this recycled Complaint on December 3, 2025, on the heels of the Ninth Circuit's decision. (ECF No. 1.) This time he upped the rhetoric and added a litany of new targets, including Mr. Chesnoff. He also added two new plaintiffs, against each of whom he alleged equally hollow grievances wholly detached from his scurrilous narrative. In clear recognition of some of the fatal defects in the initial Complaint, Plaintiffs filed the First Amended Complaint ("FAC") on March 30, 2026. But the FAC regurgitates the same libelous and baseless allegations against Mr. Chesnoff. Plaintiffs bring a total of seven claims, five of which are targeted at Mr. Chesnoff. (ECF

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

No. 36 ¶¶ 212-90 (Counts 1-5, brought against all Defendants), 291-309 (Counts 6-7, brought against only Defendants Genting, Resorts World, Forbes, Koep and Madurzak).) The claims relevant to Mr. Chesnoff are: (1) civil RICO (*id.* ¶¶ 212-60); (2) RICO Conspiracy (*id.* ¶¶ 261-63); (3) Retaliation and Witness Intimidation under 42 USC § 1985(2) (*id.* ¶¶ 264-74); (4) Civil Rights and False Arrest under 42 USC § 1983 (*id.* ¶¶ 275-82); and (5) False Arrest under Nev. Rev. Stat. § 171.235 and § 200.460 (*id.* ¶¶ 283-90).) They are each as frivolous and as ill-founded as the next.

Between personal attacks on Mr. Chesnoff's character, Cipriani baselessly alleges that Mr. Chesnoff participated in a litany of crimes, including money laundering and wire fraud in connection with his former co-ownership of a business located at Resorts World, Eight Cigar Lounges. (*Id.* ¶¶ 238-40.) The FAC further alleges that Cipriani's November 2021 arrest was not due to his physical altercation with an elderly and scooter-bound patron, for which Cipriani was criminally convicted. (Exhibit 2, Reg. of Actions, *State v. Cipriani*, No. 21-CR-057146 (L.V. Justice Ct.).) Instead, Cipriani now claims that the Defendants—including Mr. Chesnoff—somehow orchestrated that incident because of Cipriani's knowledge of a supposed criminal enterprise, and the Defendants' purported fear that Cipriani is a part time confidential source to federal law enforcement agencies. (*Id.* ¶¶ 115-17.) In other words, Cipriani alleges in his fantastical pleading that he was somehow tricked into assaulting a scooter-bound senior citizen so as to silence him in some never defined, never disclosed, never existed, federal court proceeding. Nonsense is an inadequate descriptor for Cipriani's offering.

As is further explained in the Motion to Dismiss, the FAC is both substantively meritless and procedural deficient. (ECF No. 46 at 7-25.) Indeed, Cipriani does not appear to be interested in resolving a legitimate legal dispute at all. Rather, the FAC reflects Cipriani's continued attempts to garner notoriety through a campaign of harassment in which he publicly smears his victims through litigation and on social media. To be clear, this is not the first time he has done so. (*See, e.g.,* Exhibit 3, Compl., *Cipriani v. MGM Resorts Int'l*, *et. al.*, No. 20SMCV00289, ¶¶ 1(c), 24-28 (Cal. Super. Ct.); Exhibit 4, Compl., *Cipriani v. Shell*, *et. al.*, No. 26SMCV01156 ¶4 (Cal. Super. Ct.); Exhibit 5, Posts by @robinhood702.) Unfortunately, Mr. Chesnoff is not Cipriani's first victim, and he

likely will not be the last. (*See* Exhibit 6, Cross-Compl., *Cipriani v. Shell*, *et. al.*, No. 26SMCV01156 ¶¶ 1-3, 13 (Cal. Super. Ct.) (outlining Cipriani's pattern of using litigation as a weapon); Exhibit 7, State's Mot. for Imposition of Bail Conditions, *State v. Cipriani,* No. 21CR052831, 8-20 (L.V. Justice Ct.) (demonstrating Cipriani's use of social media to harass his victims).)

Mr. Chesnoff notified Plaintiffs and their counsel of the FAC's factual deficiencies and improper purpose on July 30, 2026, pursuant to Rule 11. (Exhibit 8, Ltr. to Counsel, Jul. 30, 2026.) Plaintiffs declined to withdraw their claims against Mr. Chesnoff. This Motion followed.

## III. LEGAL ARGUMENT

### A. Rule 11 Standard

"The main objective of Rule 11 is to deter baseless filings and curb litigation abuses." *Smith & Green Corp. v. Trs. of Const. Indus. & Laborers Health & Welfare Tr.*, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003). Rule 11 provides that, by presenting the court with a pleading, a party and its counsel certifies that: (1) the pleading "is not being presented for any improper purpose"; (2) the claims and legal contentions are "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; (3) there is evidentiary support for any factual contentions or there will likely be evidentiary support after reasonable investigation; and (4) "the denials of factual contentions are warranted on the evidence . . . ." FRCP 11(b). Said another way, Rule 11 addresses "'frivolous filings' and the use of judicial procedures as a tool for 'harassment.'" *Hudson v. Moore Bus. Forms, Inc*., 836 F.2d 1156, 1159 (9th Cir. 1987) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir. 1986), abrogated on other grounds by *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).

### B. Plaintiffs' FAC is Legally and Factually Baseless.

A filing is frivolous when it is "both baseless and made without a reasonable and competent inquiry." *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir.1997)). The filing party "must have a 'good faith argument' for his or her view of what the law is, or should be. A good faith belief in the merit of a legal

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

argument is an objective condition a competent attorney attains only after 'reasonable inquiry.'" *Zaldivar,* 780 F.2d at 831. "[A]n attorney has a duty prior to filing a complaint to conduct a reasonable factual investigation and perform adequate legal research to confirm whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.'" *Smith & Green Corp.*, 244 F. Supp. 2d at 1103 (citing *Christian v. Mattel,* 286 F.3d 1118, 1127 (9th Cir. 2002)).

"A claim is legally baseless if it is legally unreasonable, while a claim is factually baseless if it lacks factual foundation." *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, No. SACV 0400689MRP VBKX, 2007 WL 6137003, at *3 (C.D. Cal. Apr. 16, 2007) (citing *Est. of Blue*, 120 F.3d at 985). Additionally, the Ninth Circuit has regularly affirmed the imposition of sanctions against parties who file claims barred by the statute of limitations. *See, e.g., Est. of Blue,* 120 F.3d at 985 (affirming an award of sanction because "[a] reasonable investigation would have revealed that the . . . was barred by the statute of limitations"); *Jun-En Enter. v. Lin*, 654 F. App'x 347 (9th Cir. 2016) ("The district court properly held that [the plaintiffs] failed to conduct 'an inquiry reasonable under the circumstances,' Fed. R. Civ. P. 11(b), before filing pleadings asserting time-barred claims. . . ."); *Mir v. Little Co. of Mary Hosp*., 844 F.2d 646, 653 (9th Cir. 1988) (plaintiff's claim was meritless and sanctionable based on *res judicata* and the statute of limitations).

As explained in detail in Mr. Chesnoff's Motion to Dismiss, which he incorporates by reference, each one of Plaintiffs' claims is legally baseless. With all the hallmarks of a shotgun pleading, Plaintiffs' FAC "indiscriminately incorporates assertions from one count to another" thereby "prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult." *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026) (quoting *5A Wright & Miller's Fed. Prac. & Proc.* § 1326 (4th ed. 2024)) (alterations in original). The FAC's claims are cobbled together with conclusory allegations and the parroting of public news stories. (ECF No. 36 ¶¶ 167-91, 192-202; ECF No. 46 at 3-7.). It is clear that Plaintiffs do not have standing to assert their civil RICO and RICO conspiracy claim. (ECF No. 46 at 11-13.) And Plaintiffs' FAC contains claims that are not recognizable civil causes of action. (*See,*

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

*e.g., id.* at 24-25.) Finally, every claim in the FAC is time-barred by its respective statute of limitations. (*Id.* at 8-10.)

**C. Plaintiffs' FAC was Brought for an Improper Purpose as Part of Cipriani's Continued Harassment Against Mr. Chesnoff.**

Sanctions under Rule 11 are appropriate when a pleading or paper is filed for an "'improper purpose,' such as personal or economic harassment." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987); FRCP 11(b)(1) (a pleading or paper is filed for an improper purpose when it is meant to "harass or to cause unnecessary delay or needless increase in the cost of litigation"). Harassment may include "successive complaints based upon propositions of law previously rejected . . . ." *Zaldivar*, 780 F.2d at 832.

Mr. Chesnoff is simply another victim of Cipriani's abusive litigation brought to smear and harass those he believes have wronged him. But Cipriani appears to have a specific personal vendetta against Mr. Chesnoff. For example, Cipriani's 2020 complaint against MGM Resorts included salacious, non-sequitur allegations about Mr. Chesnoff, despite not naming Mr. Chesnoff as a party. (Ex. B.) Cipriani also gratuitously attacked Mr. Chesnoff in an entirely unrelated litigation in a different jurisdiction. (Ex. C.) And his social media is rife with posts maligning Mr. Chesnoff's reputation and character. (*See, e.g.,* Ex. D at 3 ("MORE TO COME ABOUT MAN OF THE YEAR IN NEVADA DAVID CHESNOFF. I HAVEN'T FORGOT[sic] ABOUT U[sic]"); *id.* at 6 ("I'm hearing David Chesnoff owes his whole career to Oscar Goodman").)

Furthermore, Cipriani previously brought litigation against some of Mr. Chesnoff's co-Defendants based on these exact same events. (*See generally* Ex. 1; ECF No. 39, Def. S. Sibella Mot. to Dismiss Pursuant to FRCP 12(b)(6).) Though Mr. Chesnoff was not named in that litigation, the fact the Cipriani subsequently brought this redundant action demonstrates Cipriani's routine use of the courts as a tool for revenge. Cipriani is hardly quiet about his intent—when the initial Complaint was filed, and again when the FAC was filed, he took to X and declared that Mr. Chesnoff and his co-Defendants "are TOAST!!!" (Ex. 7 at 17; *see also id.* at 12 ("[Defendants] tried to silence me . . . I'm just trying to clean up the dirt".); *id.* at 13 ("But what else is coming for . . .

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

DAVID CHESNOFF & others? . . . RICO Suave BOMBSHELL COMIN NEXT WEEK!"); *id.* at 16 ("BIG NEWS coming 3/30/26 in our AMENDED COMPLAINT FOR [Chesnoff], SIBELLA & LIM").) There is little doubt that this litigation was brought solely for the improper purpose of harassment.

**D. Mr. Chesnoff Should be Awarded Attorney's Fees.**

A sanction imposed under Rule 11 may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FRCP 11(c)(4); FRCP 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."). Here, Mr. Chesnoff should be awarded all of the fees and expenses incurred as a result of having to defend against Plaintiffs' frivolous and improper complaint.

## IV. CONCLUSION

Based on the foregoing, Mr. Chesnoff respectfully requests sanctions in the form of (i) dismissal of the FAC and all claims against Mr. Chesnoff, (ii), attorney fees and costs for having to defend this action, (iii) appropriate restrictions on Cipriani's ability to access this Court further, and (iv) any other sanctions the Court deems appropriate.

DATED this 21st day of August, 2026.

PISANELLI BICE PLLC

By: *<u>/s/ James J. Pisanelli</u>*
James J. Pisanelli, Esq., #4027
Debra L. Spinelli, Esq., #9695
Alexandra N. Mateo, Esq., #16275
Joseph Antonuccio, Esq., #17155
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Defendant David Chesnoff*